NO. 07-01-0270-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 7, 2002
_____

2000 CHEVROLET PICKUP
VIN 1GCEK14V2YZ346988,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 01-04-18381; HON. ANDY KUPPER, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Justin Cleveland (Justin) and G.W. Cleveland (G.W.) appeal from a default judgment forfeiting a white 2000 Chevrolet pickup, VIN 1GCEK14V2YZ346988. The sole point of error involved whether G.W. was properly served with citation or notification of the forfeiture proceeding. Because he was not, the judgment was defective and subject to reversal, the appellants concluded. We affirm the judgment.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

Statute provides that certified copies of the State's notice of seizure and intent to forfeit the property be served upon the owner of the property and "any interest holder." TEX. CODE CRIM. PROC. ANN. art. 59.04(b)(1)&(2) (Vernon Supp. 2002). G.W. claimed to be an "interest holder" and, therefore, entitled to notice. Yet, he cited us to no evidence of record supporting his contention.[2] Nor did our review of the record uncover any. On the other hand, we found that G.W. 1) went unnamed as a party in the notice of seizure and intent to forfeit, 2) did not intervene in the litigation, 3) did not file a motion for new trial claiming entitlement to notice or presenting evidence of his status as an interest holder, and 3) made no appearance in the action until he accompanied Justin in the notice of appeal. Simply put, without evidence indicating G.W. either was a party to the action or had an interest in the property, we cannot hold that he was entitled to notice under §59.04(b) of the Code of Criminal Procedure or denied that right.

Accordingly, we affirm the default judgment.

Brian Quinn
Justice

Do not publish.

---

[2]His unsworn statement in the appellants' brief that he was an interest holder and had an equitable interest in the vehicle does not fill the void. This is so because statements appearing in an appellate brief are not evidence. *See Goode v. Shoukfeh*, 915 S.W.2d 666, 671 (Tex. App.—Amarillo 1996), *aff'd*, 943 S.W.2d 441 (Tex. 1997) (holding that unsworn statements of fact in an appellate brief are not evidence).